UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT W. TAYLOR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:20-MC-15-PLR-HBG |
| ) | |
| DUANE PARKER, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and by the referral [Doc. 3] of the District Judge.

Now before the Court is a Motion to Strike [Doc. 2] filed by third-party Jill St. John. Intervenor opposes the registration of the state court judgment filed in this matter and seeks to have the judgment stricken from the record. The Court previously granted the Intervenor's Motion to Intervene and ordered the parties who registered the judgment to respond to the Motion to Strike within 30 days of the entry of the Order. [Doc. 4] Parties Duane Parker and Robert W. Taylor filed a response on October 2, 2020, and asked for an additional 30 days in which to obtain local counsel to assist them in this matter. [Doc. 5] Over 45 days have passed since Plaintiffs filed their response and they have filed nothing further with the Court. Thus, the Court finds that this matter is ripe for adjudication.

The judgment in question issued from the Circuit Court of Maryland for Baltimore County. [Doc. 1] In support of her arguments, Intervenor argues that several courts have held that 28 U.S.C. § 1963, which governs the registration of foreign judgments in federal courts, allows for only the registration of federal judgments, not state judgments, and thus the improperly registered state

judgment must be stricken from the record. In response, Robert W. Taylor and Duane Parker state that they did not receive service of the Intervenor's motion, and only learned of it when they received a copy of the Court's Order granting the motion to intervene. Mr. Taylor and Mr. Parker do not address the merits of the motion to strike, and instead asked for 30 days to obtain counsel before responding. Over 45 days have passed since that request, and as there is clear Sixth Circuit precedent on this issue, the Court finds that any further delay to allow them to respond would be futile.

The Sixth Circuit has held that "[n]othing in the language of section 1963 grants authority to a district court to register judgments of any courts other than other district courts or the Court of International Trade. The language is unambiguous." *Fox Painting Co. v. NLRB*, 16 F.3d 115, 117 (6th Cir. 1994). Section 1963 has been amended since *Fox Painting*, but only to add two additional categories of federal courts: court of appeals and bankruptcy court. *See* 28 U.S.C. § 1963. *Fox Painting* further held that this limitation imposed by § 1963 is jurisdictional. *Fox Painting Co.*, 16 F.3d at 708 ("the registration procedures of 28 U.S.C. § 1963 contain jurisdictional limitations that prohibit federal courts from registering state court judgments").

Other courts have also held that only federal judgments, not state judgments, may be registered under § 1963. *See Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.*, 431 F. Supp. 2d 705, 708 (E.D. Ky. 2006) ("By specifically listing the courts from which a judgment may be registered in federal district court, Congress intentionally eliminated those that could not."); *Dearborn St. Bldg. Assocs. LLC v. D & T Land Holdings*, LLC, No. 1:07-CV-1056, 2008 WL 2397660, at *4 (W.D. Mich. June 9, 2008) (holding that "§ 1963 does not provide for the registration of a state court judgment for execution in a federal district court").

The judgment at issue did not issue from a federal court of appeals, district court, bankruptcy court, or the Court of International Trade. Therefore, the Court lacked the legal authority to register it, rendering its registration here a legal nullity. The registered judgment should be stricken from the record.

Accordingly, for the reasons set forth above, the Court **RECOMEMNDS**[1] that Intervenor's Motion to Strike [**Doc. 2**] be **GRANTED**.

Respectfully submitted,

H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).